United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ACORN BAY,

    Plaintiff,

v.

CAMELBAK PRODUCTS, LLC,

    Defendant.

No. C 20-05214 WHA

**ORDER RE MOTION TO DISMISS**

### INTRODUCTION

This patent and trade secret dispute centers on water bottle bite valves. The accused moves to dismiss the complaint in part. California's Uniform Trade Secrets Act supersedes the contract and unfair competition claims at issue. The motion is **GRANTED IN PART**.

### STATEMENT

In 2011, plaintiff and patent owner Acorn Bay LLC developed a better bite valve for re-usable water bottles. Early in 2012, Acorn approached defendant CamelBak Products, LLC, a premier maker of outdoor water bottles and hydration packs, to discuss a licensing deal. The two entered a nondisclosure agreement to limit CamelBak's use of Acorn's proprietary information to their licensing talks. Apparently impressed, CamelBak entered an option agreement in April 2012, giving it a period during which it might license Acorn's designs.

After several extensions of the period, and further sharing by Acorn, CamelBak exercised the option in January 2015. CamelBak would take an exclusive, worldwide license to Acorn's

bite-valve designs and work, with Acorn's continued support, to market a product by January 2018 in exchange for a per-item royalty and three non-refundable advances against those royalties. CamelBak appears to have paid the first advance, but abruptly terminated the licensing agreement just before the second came due. Nevertheless, in January 2019, using (allegedly) Acorn's technology in violation of both the NDA and licensing agreement, CamelBak launched the accused Eddy+ drinking valves with its water bottles.

This suit followed. CamelBak moved to dismiss. Amidst briefing, a November 6 case management order directed Acorn to fully disclose its asserted trade secrets before it would be permitted discovery, per California Code of Civil Procedure Section 2019.210 (Dkt. No. 31). Recognizing this disclosure in effect superseded the complaint, at oral argument (held telephonically due to COVID-19) CamelBak withdrew its challenge to the pleading of Acorn's trade secret misappropriation and breach of NDA claims. This order follows.

**ANALYSIS**

Following withdrawal of the challenges to Acorn's trade secret and breach of NDA claims, the dispute remaining here is whether the California Uniform Trade Secret Act supersedes Acorn's claims for breach of the implied covenant of good faith and fair dealing and violation of California Business and Professions Code Section 17200.

CUTSA provides the exclusive civil remedy for trade secret misappropriation claims in California. It supersedes all claims, including Section 17200 claims, "based on the same nucleus of facts as trade secret misappropriation." On the pleadings, "the supersession analysis asks whether, stripped of facts supporting trade secret misappropriation, the remaining factual allegations can be reassembled to independently support other causes of action." *Waymo LLC v. Uber Techs.*, 256 F. Supp. 3d 1059, 1062 (N.D. Cal. 2017) (citing Cal. Civ. Code § 3426.7; *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 236 (2010), *disapproved on other grounds by Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 246 P.3d 877 (2011)).

Limited exceptions exist. CUTSA does not supersede (1) contract remedies, based in trade secret or not; (2) other civil remedies not based in trade secret misappropriation; or (3) criminal remedies. *Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, No. C 19-05611

1  PJH, 2020 WL 513287, at *14 (N.D. Cal. Jan. 31, 2020) (Judge Phyllis J. Hamilton); Cal. Civ.
2  Code § 3426.7(b). But within its sphere, CUTSA sweeps broadly, superseding even "claims
3  based on alleged misappropriation of non-trade secret information" unless "the plaintiff's
4  property right in the information at issue stems from some provision of positive law on
5  grounds qualitatively different from grounds upon which trade secrets are considered property,
6  or (2) allege wrongdoing materially distinct from the wrongdoing alleged in a CUTSA claim."
7  *Waymo*, 256 F. Supp. 3d at 1063. CamelBak contends CUTSA supersedes both claims here.
8  This order agrees.

9  To be sure, Acorn's implied covenant claim does not on its face implicate CUTSA. The
10 complaint alleges that under the parties' license agreement, CamelBak should have undertaken
11 a genuine effort to commercialize a product based on the proprietary information shared by
12 Acorn. Instead, CamelBak terminated the agreement six months in and has nonetheless
13 commercialized products using the same technology contemplated by the license agreement.

14 Yet Acorn itself confirms this claim to be a tortious trade secret misappropriation claim
15 in disguise. Arguing its July 2020 suit, based on a July 2015 termination, remains timely in
16 spite of the four-year statute of limitations, Acorn contends that under California's "discovery
17 rule," its cause of action only accrued once it learned that CamelBak had (allegedly)
18 commercialized products using Acorn's trade secrets. In other words, Acorn does not
19 complain of CamelBak's termination so much as it complains of CamelBak's continued use of
20 its trade secrets *after* termination. That is a superseded tortious trade secret misappropriation
21 claim.

22 True, breach of the implied covenant may be viewed in either contract or tort. Viewing
23 this claim in contract might save it from CUTSA supersession, but it would nonetheless fail as
24 superfluous. The allegations, that CamelBak used Acorn's trade secrets following termination
25 of the license and in breach of the NDA, "do not go beyond the statement of a mere contract
26 breach." Instead, the allegations "rely[] on the same alleged acts, simply seek the same
27 damages or other relief already claimed in [the] companion contract cause of action, [and] may
28 be disregarded as superfluous as no additional claim is actually stated." *Careau & Co. v.*

3

*Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990); *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 575, 510 P.2d 1032 (Cal. 1973); *Swarmify Inc. v. Cloudflare*, No. C 17-06957 WHA, 2018 WL 1609379 at *3 (N.D. Cal. April 3, 2018) . In either case, then, the claim fails.

The Section 17200 claim similarly stumbles. The complaint itself admits that the charge remains, at its core, that CamelBak "misappropriate[ed] Acorn Bay's confidential and proprietary information" and "acquired and used Acorn Bay's confidential and proprietary trade secret information through material misrepresentation and omissions" (Compl. at ¶¶ 130–132). CUTSA, however, "bars [Section 17200] claims sounding in misappropriation of trade secrets." *Silvaco*, 184 Cal. App. 4th at 241.

Acorn responds that its Section 17200 claim escapes supersession because rests upon "some other provision of positive law [that] grants a property right in that information" — its breach of contract claim. *See*, *Waymo*, 256 F. Supp. 3d at 1063–64. But contract remedies originate at common law and do not provide the "positive law" basis that Acorn needs. To the extent that Acorn's argument is instead that CUTSA does not bar a Section 17200 claim based on breach of contract, because CUTSA does not supersede contract remedies, this argument also fails. The exception specifies "contractual *remedies*." A Section 17200 claim, even premised on breach of contract, offers equitable remedies, not contractual damages. *See Nationwide Biweekly Admin., Inc. v. Sup. Ct.*, 9 Cal. 5th 279, 293, 462 P.3d 461 (2020); *Five Star*, 2020 WL 513287, at *14; Cal. Civ. Code § 3426.7(b)(1) (emphasis added). Acorn's Section 17200 claim thus fails.

## CONCLUSION

The motion is **GRANTED IN PART AND DENIED IN PART**. Acorn's trade secret misappropriation and breach of contract claims may proceed, CamelBak's challenge having been withdrawn. But CUTSA supersedes the claims for breach of the implied covenant and for violation of Section 17200. CamelBak did not challenge Acorn's patent infringement claim here, that claim also proceeds. Should CamelBak contend Acorn's trade secrets disclosure

4

remains insufficient, it should move promptly to strike, else challenges will be reserved for summary judgment.

**IT IS SO ORDERED.**

Dated: December 24, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE